NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 23, 2011[*]
Decided March 25, 2011

## Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 10-2447 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CONSTANCE RAMSAY, *Plaintiff-Appellant*, | |
| *v.* | |
| JUDITH MAYER, *et al.*, *Defendants-Appellees*. | No. 09 C 2779 Virginia M. Kendall, *Judge*. |

## Order

When Betty Bell turned 65 in April 2004, she continued working at the Tabor Hills Nursing Home. Because 65 was Bell's normal retirement age under her employer's pension plan, she had an option to accept a lower pension (or lump-sum distribution) for herself, in exchange for benefits to her survivors. She did not elect that option, so under the pension plan her three adult children were eligible for a death benefit but not for a share of Bell's retirement annuity. (Bell was a widow; we need not discuss how the lack of an election would have affected a living spouse.) In June 2004 Bell died of a heart attack. The plan's administrator distributed the death benefit to Bell's children but did not commence a survivors' annuity.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Bell's three children filed this suit under the Employee Retirement Income Security Act. They contended that they are entitled to annuities as her surviving relatives. They concede that Bell never told the pension plan that she was electing the survivors'-benefit option. But, according to the complaint, the nursing home failed to alert Bell "adequately" when she turned 65 that she was entitled to provide benefits to her off-spring by agreeing to accept a lower monthly payment for herself. The children expressed confidence that Bell would have made the choice favorable to them. They did not, however, present any evidence to that effect from Bell herself; they simply expressed confidence that their mother would have made this choice had the employer asked "adequately" (whatever that may mean). The district court dismissed the complaint on the ground that plaintiffs are not "beneficiaries", see 29 U.S.C. §§ 1002(8), 1132(a)(3), and therefore cannot sue under ERISA. 2010 U.S. Dist. LEXIS 8 (N.D. Ill. Jan. 4, 2010). Bell's election of survivors' benefits would have made them beneficiaries, the judge stated; a legal rule requiring the plan to grant benefits despite the absence of an election also would create beneficiary status. But neither an actual election nor a legal rule supports plaintiffs' claim to benefits, the judge concluded.

Constance Ramsay, one of the three plaintiffs, filed a notice of appeal. Ramsay may believe that the notice covers her siblings too. The caption includes "et al." after Ramsay's name, and the body of the notice refers to "appellants." But it is signed by Ramsay alone. Because she is not a lawyer, she is not entitled to represent anyone else. The notice of appeal therefore presents only Ramsay's personal claim.

Another procedural matter requires brief attention. The district judge stated that, because plaintiffs are not "beneficiaries" under ERISA, they lack "standing." The opinion concludes:

> Because Plaintiffs lack standing to bring suit under ERISA, this Court lacks subject matter jurisdiction to hear their claims. Defendants' Motion to Dismiss are [sic] therefore granted, and the Complaint is dismissed with prejudice.

If plaintiffs indeed lack standing, and there is no jurisdiction, then dismissal must be *without* prejudice; a court cannot adjudicate a claim over which it lacks jurisdiction. See *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998). But there is no problem with standing in this suit. The three elements of standing—injury in fact, causation, and redressability, see *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62 (1992)—are present. If plaintiffs are not "beneficiaries," then their claim fails on the merits; and if their claim succeeds on the merits, then they are "beneficiaries" too. The district court is authorized to decide whether plaintiffs win or lose. Thus subject-matter jurisdiction exists, the decision is substantive, and, if the district judge is right that plaintiffs do not have a valid claim for relief, dismissal with prejudice is appropriate. Because the judgment is correct, even though the "jurisdictional" characterization is not, we need not remand. See *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869, 2876–77 (2010).

The controlling principle in this case is the statutory rule that pension plans must implement the documents (including participants' elections) that are on file. 29 U.S.C. §1104(a)(1)(D). Arguments that something different should have been filed, or a different choice made, do not change what was actually done. See, e.g., *Kennedy v. DuPont Savings & Investment Plan*, 129 S. Ct. 865 (2009); *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). To become beneficiaries under this plan, plaintiffs needed Bell to sign the appropriate election form. Bell did not do so. The soundness of a pension plan depends on respecting choices actually made (or omitted). Because Bell did not elect survivors' benefits, her own monthly pension was higher. Fate decreed that Bell would live for only two more months and thus not enjoy those benefits for the time she anticipated; but, if plaintiffs are right, they would be entitled to survivors' benefits even if Bell had received the enhanced pension for 30 years. The choice between higher monthly benefits and survivors' benefits is a tradeoff; pension plans cannot be required to pay both the higher monthly benefits to participants and the survivors' benefits to the participants' relatives, based on nothing more than the survivors' assertion that this is what the (deceased) participant really wanted. Documents on file prevail over beliefs about participants' mental states. That fundamental norm of pension administration supports the district court's decision.

This also means that the district judge did not err in declining plaintiffs' request to amend their complaint. Amendment would have been futile.

AFFIRMED